By the Court.
 

 The plaintiff in error was convicted in the municipal court of the city of Lakewood of the violation of an ordinance of that city regulating the speed of automobiles, and the judgment was affirmed by the Court of Appeals.
 

 Section 40 of the ordinance of the city of Lakewood which it is claimed Eshner violated provided -is follows: “Rate of speed, limitations, presumpions. No person shall operate, drive or propel and io owner thereof riding thereon or therein shall -ause or permit to be operated, driven or propelled, ¡n any public highway, bicycle, motorcycle, motoricycle, carriage, buggy or other vehicle, recklessly
 
 *107
 
 or negligently or at a rate of speed or in a manner so as to endanger or to be likely to endanger tbe life or limb or property of any person, provided that a rate of speed exceeding fifteen miles per hour in congested districts shall constitute
 
 prima facie
 
 evidence of a violation of the provisions of this section, provided further that a rate of speed exceeding twenty-five miles per hour in other than congested districts shall constitute a rate of speed and manner of driving prohibited in the aforesaid and in violation of the provisions of this section.”
 

 The specific provisions of the ordinance which it was charged the plaintiff in error violated is that “a rate of speed exceeding twenty-five miles per hour in other than congested districts shall constitute a rate of speed and manner of driving * * * in violation of the provisions of this section.”
 

 On the trial of the case evidence adduced tending to show a violation related only to the rate of speed at which the vehicle was operated. The specific provision of the regulatory ordinance upon which the prosecution was based is in conflict with the provisions of Section 12603, General Code. The reasons upon which the decision in the case of
 
 Schneiderman, an Infant,
 
 v.
 
 Sesanstein, ante,
 
 80, 167 N. E., 158, is based are applicable to this case and need not be repeated here. The ordinance in question makes a speed exceeding 25 miles an hour a violation, regardless of the width of the highway, conditions of traffic, or other conditions or circumstances, while the statute limits it only to that which is reasonable and proper, taking into consideration the conditions referred to, and makes a certain rate of speed, that exceeding 15 miles an hour in closely built-up por
 
 *108
 
 tions of a municipal corporation, and 25 miles an hour in other portions thereof, only
 
 prima facie
 
 evidence of a speed that is greater than is reasonable and proper.
 

 If the conflict of this ordinance with the general law does not clearly appear from the very fact that the ordinance has assumed to prohibit a rate of speed permitted by Section 12603, General Code, consideration of Section 12608, General Code, which recites that “the provisions of section twelve thousand six hundred and three shall not be diminished, restricted or prohibited by an ordinance, rule or regulation of a municipality or other public authority,” in connection with Section 12603, can leave no doubt whatever upon that subject.
 

 In this case no evidence was adduced by the prosecution relative to the width, traffic, use, or the general and usual rules of said road or highway, the rate of speed alone being relied upon as a violation of the ordinance, and the provision of the ordinance is a local regulation in conflict with the general law.
 

 For the reasons assigned the judgment is reversed, and judgment is entered for the plaintiff in error.
 

 Judgment reversed.
 

 Kinkade, Robinson, Jones and Matthias, JJ., concur.
 

 Day and Allen, JJ., dissent.