**Ex parte Floyd A. DEVEREAUX.**

**No. 37971.**

Court of Criminal Appeals of Texas.

March 24, 1965.

Rehearing Denied May 5, 1965.

Evans & Egger, by Samuel L. Egger, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sam S. Wolf and J. Bruce Aycock, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was tried and convicted in the corporation court of the city of San Antonio upon a complaint charging the offense of speeding. From the conviction he appealed to County Court at Law No. One of Bexar County, where, upon a trial de novo he was again convicted, and assessed punishment at a fine of $100.

Following his arrest by the sheriff of Bexar County under a capias pro fine, appellant applied to the judge of the county court for a writ of habeas corpus, alleging that he was being illegally restrained of his liberty because his conviction was under a void ordinance. The writ was granted and, after a hearing, the judge remanded appellant to custody, from which order he brings this appeal.

Appellant's sole contention is that the city ordinance is void because it prescribes

a different penalty for speeding than that prescribed by state law for the same offense. Art. 6701d, Vernon's Ann.Civ.St. This contention is based upon the fact that the ordinance provides as punishment for speeding "A fine not to exceed two hundred dollars," and the penalty prescribed for violation of Art. 6701d, Sec. 143, is "a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."

Art. 6701d, V.A.C.S., provides, in Sec. 166(a), that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing and that any speed in excess of the limits specified in said section "or established as hereinbefore authorized" shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

Sec. 166(a), subd. 5, par. c, provides that the limits set forth in Sec. 166 (one of which is thirty (30) miles per hour in an urban district) may be altered as authorized in Secs. 167, 168, and 169.

Sec. 167 grants authority to the State Highway Commission, upon the basis of an engineering and traffic investigation, to alter maximum speed limits at certain places.

Sec. 169(b) confers like authority upon the governing bodies of incorporated cities in respect to highways or streets within the corporate limits of such cities. The authority to alter the maximum speed limits set forth in Art. 166(a) is subject to the qualification: "provided that under no circumstances shall any such governing body have the authority to modify or alter the basic rule established in paragraph (a) of Section 166 * * *."

■ The ordinance before us is silent as to the rule referred to which makes it unlawful to drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing, any speed in excess of the limits specified

in Sec. 166 or established as authorized in Secs. 167, 168, or 169 being prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

■ We conclude that, as a penal ordinance defining the offense of speeding and providing a fine "not to exceed two hundred dollars" as punishment, the ordinance is invalid. Insofar as the ordinance alters the prima facie speed limits set out in Sec. 166(a) of Article 6701d, under authority of Secs. 166(a), 167, and 169, and implements said statute without altering or modifying the basic rule established in paragraph (a) of Sec. 166, it is valid and a conviction for violation of the state statute, implemented by the ordinance, with punishment authorized by Sec. 143 of said Article 6701d, is not subject to attack as a conviction for violation of a void ordinance.

The complaint is sufficient to charge such violation, and appellant's conviction appears to be proper and can be sustained under the state law, Art. 6701d, V.A.C.S., as implemented by the ordinance.

The judgment remanding appellant to custody is affirmed.

Opinion approved by the court.

MORRISON, Judge (concurring).

I agree to the denial of this application for writ of habeas corpus but feel it necessary to state my views. As I see this case, it is a violation of a speed regulation which the Legislature by Article 6701d, Section 169, V.A.C.S., delegated to the governing bodies of the respective cities the right to set the maximum prima facie speed limits in certain areas within their jurisdictions. But Article XI, Section 5, of the Constitution, Vernon's Ann.St., prevents the city from providing a punishment other than that provided by statute. This being so, the ordinance is valid insofar as it sets the speed limit and void insofar as it attempts to set the punishment. Ex parte Henson, 49 Tex. Cr.R. 177, 90 S.W. 874.

This prosecution is maintained by the Act of the Legislature as implemented by the Act of the City Council of the City of San Antonio.

ON MOTION FOR REHEARING

MORRISON, Judge.

■ Appellant contends that since Section 15 of Article 827a, Vernon's Ann.P.C. provided a punishment different from that now prescribed by Section 143(b) of Article 6701d, Vernon's Ann.Civ.St., the caption of House Bill 161 of the 58th Legislature, Regular Session, codified as Sections 166 through 172 of Article 6701d, supra, is insufficient because it does not give notice that the penalty has been changed. The questioned caption reads as follows:

"An Act amending Chapter 421, Acts of the Fiftieth Legislature, Regular Session, 1947, as amended (codified as Article 6701d, Vernon's Texas Civil Statutes), and known as the 'Uniform Act Regulating Traffic on Highways,' by adding thereto a new Article relating to speed of vehicles, and rules of enforcement; repealing Section 8 of Chapter 42, Acts of the Forty-first Legislature, Second Called Session, 1929, as amended (codified as Section 8 of Article 827a, Vernon's Penal Code of Texas); and declaring an emergency."

In the light of the reasoning of the Supreme Court of this State in Schlichting v. Texas State Board of Medical Examiners, 158 Tex. 279, 310 S.W.2d 557, of this Court in Ex parte Wilson, 374 S.W.2d 229, and the San Antonio Court of Civil Appeals in Dickison v. City of San Antonio, 349 S. W.2d 640, we hold the above caption to be sufficient.

Appellant's other contentions have been examined and are found to be without merit.

Appellant's motion for rehearing is overruled.