Edward Jay ABRAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 54302.

Court of Criminal Appeals of Texas,
Panel No. 2.

March 29, 1978.

James R. Mallory, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Marvin Collins, Robert J. Gieb and William S. Harris, Asst. Dist. Attys., Fort Worth, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for speeding, wherein the punishment was assessed by the jury at a fine of $175.00.

The record reflects that on November 20, 1975 the appellant entered a plea of nolo contendere in the Municipal Court of the city of Arlington to a complaint charging him with speeding. He was fined $35.00 by the court. Notice of appeal was given. Subsequently he was accorded a trial de novo in the County Criminal Court No. 3 of Tarrant County where a jury assessed his punishment at $175.00.

We are met at the outset with the question of whether appeal to this court was timely given and this court acquired jurisdiction. Judgment was entered on March 22, 1976. Sentence was imposed on the same date, but such sentence is a nullity as sentences are not required in cases where the maximum possible punishment is by

1. There are some statutes in Chapter 45 of the Code of Criminal Procedure which refer to "judgment and sentence" in justice of the peace and corporation courts (now municipal courts). The phrase "and sentence" was added by mistake in the closing days of the 59th

fine only. Speeding carries a maximum fine of $200.00 and no jail time is provided as punishment. See Article 6701d, § 143, V.A.C.S.

Article 42.02, V.A.C.C.P., provides:

"A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, *except in misdemeanor cases where the maximum possible punishment is by fine only,* and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law." (Emphasis added.)[1]

We observe that also on March 22, 1976 the appellant filed a motion for new trial. This motion was overruled on April 11, 1976 by operation of law when it was not determined within 20 days of its filing. Article 40.05, V.A.C.C.P. See, e. g., *Steward v. State,* 422 S.W.2d 733 (Tex.Cr.App. 1968); *St. Jules v. State,* 438 S.W.2d 568 (Tex.Cr.App.1969); *Morton v. State,* 502 S.W.2d 121 (Tex.Cr.App.1973); *Boykin v. State,* 516 S.W.2d 946 (Tex.Cr.App.1974); *Resendez v. State,* 523 S.W.2d 700 (Tex.Cr. App.1975).

On April 21, 1976 the appellant filed an amended motion for new trial and on the same date gave written notice of appeal.

Article 40.05, supra, permits the trial court for good cause to extend the time for filing or amending the motion for new trial. An amended motion for new trial, however, should be filed "with leave of court" first obtained as required by Article 40.05, supra. The "amended" motion in the case was not filed with leave of court and was never considered by the trial court. It was a nullity and did not affect the overruling of the original motion for new trial on April 11, 1976 with regard to computation of time in which to timely give notice of appeal.

Article 44.08(a), V.A.C.C.P., provides in part:

Legislature, 1965, to these statutes. The definition of a sentence in Article 42.02, supra, was overlooked. The mistake was repeated in some amendments to some of the statutes in Chapter 45 in 1971.

"It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal. . . ."

Thus by statute the Legislature has mandated that notice of appeal must be given in order that this court might review the merits of a criminal conviction.

The question which remains is just when such notice of appeal must be given in a misdemeanor case such as the instant one. This is so because of the wording of Article 44.08(b) and (c), V.A.C.C.P. Such sections provide:

"(b) In cases where the death penalty has been assessed or in probation cases where imposition of sentence is suspended, such notice shall be given or filed within ten days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict.

"(c) *In all other cases* such notice shall be given or filed within ten days after sentence is pronounced." (Emphasis added.)

The instant misdemeanor case does not involve the death penalty or a probation matter where there has been a suspension of the imposition of sentence, and does not naturally fall under "all other cases" because no sentence is to be pronounced in such case.

In *McIntosh v. State*, 534 S.W.2d 143 (Tex.Cr.App.1976), this court stated:

"It is apparent that this statute (Article 44.08) must govern the giving of notice of appeal in a misdemeanor case since we have been unable to find any other legislative enactment which governs the perfection of appeal in such cases."

In *McIntosh* we dealt with when notice of appeal must be given in a misdemeanor

case where probation is granted under Article 42.13, V.A.C.C.P. In such misdemeanor probation case no judgment is to be entered. Article 42.13, § 4, V.A.C.C.P.; *Ex parte Smith*, 493 S.W.2d 958 (Tex.Cr.App. 1973); *Coby v. State*, 518 S.W.2d 829 (Tex. Cr.App.1975). There, as in the instant case, the time in which to give timely notice of appeal was not covered by the literal terms of Article 44.08, supra. By reading Articles 42.13 and 44.08 together, we concluded that notice of appeal must be given in misdemeanor probation cases within ten days after the entry of the written order granting the defendant misdemeanor probation if no motion or motions for new trial are timely filed. If a motion or amended motion for new trial has been filed, then notice of appeal shall be given within ten days after the overruling of the motion or amended motion for new trial.

In *Ex parte Weston*, 556 S.W.2d 347 (Tex. Cr.App.1977), it was observed that the time in which to give notice of appeal in a habeas corpus proceeding under Article 44.34, V.A.C.C.P., is not expressly stated in Article 44.08, supra. Construing Articles 44.08 and 44.34, supra, together, it was held that in order to timely perfect an appeal in a habeas corpus proceeding notice of appeal must be given or filed within ten days after the rendition of the judgment of the trial court.

In construing Articles 44.08 and 42.02, supra, together, we conclude in the instant case that the reasoning in *McIntosh* and *Weston* is here applicable. We hold, therefore, that in misdemeanor cases where the maximum possible punishment is by fine only, the notice of appeal to the Court of Criminal Appeals must be given within ten days after the entry of the judgment if no motions for new trial are timely filed. If a motion or amended motion for new trial is timely and properly filed, then notice of appeal shall be given within ten days after the overruling of the motion or amended motion for new trial.[2]

2. Article V, § 5, Texas Constitution, provides that the Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the state in all criminal cases of whatever grade, "with such exceptions and under such regulations as may be prescribed by law."

■ In the instant case we observe that the notice of appeal was given within ten days after the original motion for new trial was overruled by operation of law. Since the sentence imposed and the amended motion for new trial are nullities for the reasons given, they do not affect the timeliness of the notice of appeal. This court will accept jurisdiction and consider the appeal in the instant case.

The facts in the instant case are not in dispute. Appellant on his motorcycle was clocked by police radar at 49 miles per hour on a street in the city of Arlington on October 11, 1975. The posted speed limit on that street at the point involved was 30 miles per hour. As earlier noted, appellant was convicted in the Municipal Court of Arlington on November 20, 1975, gave notice of appeal and had a trial de novo in County Criminal Court No. 3 of Tarrant County on March 22, 1976. It is from his conviction there that he prosecutes this appeal.

In his sole ground of error, appellant complains the trial court erred in denying his motion to quash the complaint because the speeding ordinance on which the complaint is based is contradictory to the state statute and is thereby invalid.

Article XI, § 5 of the Texas Constitution, provides that no city ordinance may contain any provision inconsistent with the State Constitution or of the general laws enacted by the Legislature. "Accordingly, ordinances are void where they are in conflict with provisions of the Constitution or statutes." 40 Tex.Jur.2d, Part 1, Municipal Corporations, § 286, p. 43.

In *Ex parte Devereaux,* 389 S.W.2d 672 (Tex.Cr.App.1965), and *Ex parte Watson,* 154 Tex.Cr.R. 167, 225 S.W.2d 850 (1949), this court held that the penalty provisions of city ordinances were void where they provided a penalty different from that provided in the statute.

The Legislature has enacted speeding restrictions for the State. Article 6701d, V.A.C.S., provides in § 166(a) that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing and that any speed in excess of the limits specified in said section "or established as herein before authorized" shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

§ 166(a), subd. 5(c), provides that the limits set forth in said § 166 [one of which is thirty (30) miles per hour in an urban district] may be altered as authorized in §§ 167, 168 and 169 of Article 6701d, supra.

§ 167 grants authority to the State Highway Commission, upon the basis of an engineering and traffic investigation, to alter maximum speed limits at certain places.

§ 169(b) provides like authority upon the governing bodies of incorporated cities in respect to highways or streets within the corporate limits of such cities. The authority to alter the maximum speed limits set forth in § 166(a) is subject to the qualification in § 169(b): "provided that under no circumstances shall any such governing body have the authority to modify or alter the basic rule established in paragraph (a) of Section 166 * * *"

Article 4.03, V.A.C.C.P., provides:
"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed by the county court, the county criminal court or county court at law shall not exceed one hundred dollars."
Thus, it is well established that where the fine imposed does not exceed $100.00, exclusive of costs, on a trial de novo on an appeal taken to a county court from a municipal or justice of the peace court, such judgment of the county court is final and no appeal lies therefrom to the Court of Criminal Appeals. See Article 4.03, supra, Annotations, n.17. See also *Williams v. State,* 170 Tex.Cr.R. 121, 339 S.W.2d 63 (1960).

The above stated rule in the instant case would have no application to misdemeanor cases such as the instant one where the fine imposed by the county court following a trial de novo does not exceed $100.00.

The ordinance in question provides:

"It shall be unlawful for any person to drive or operate any motorvehicle, motorcycle, motor driven cycle, bicycle or other vehicle of any kind, whether or not motor powered on along, or upon, any street or thoroughfare of the City at a rate of speed greater than thirty miles per hour, unless otherwise posted according to law." (City of Arlington, Ordinance 71–112, October 19, 1971).

Appellant argues that the ordinance is void since it counters the very statute authorizing its existence, and contravenes the basic rule of reasonable and prudent driving. Appellant notes that the ordinance sets no prima facie speed limit, but rather sets a rigid decree of 30 miles per hour "unless otherwise posted" regardless of what might otherwise be reasonable and prudent. The State agrees in its brief that the ordinance on its face appears to be in conflict with the State statute.

In *Schneiderman v. Sesanstein,* 121 Ohio St. 80, 167 N.E. 158 (1929), it was held that an ordinance making speed exceeding 15 miles per hour unlawful regardless of reasonableness, conflicted with the statute making such speed prima facie unreasonable, and was invalid.

There the court wrote:

". . . The standard of conduct prescribed by statute is that the speed shall not be greater than reasonable and proper, considering the conditions and circumstances there enumerated, and that is the test that must be applied under the statute. The conditions of traffic may be such as to require a much less speed than 15 miles an hour to meet the requirement that the speed shall not be greater than is reasonable and proper. On the other hand, a given speed may be well within the requirement of statute, though somewhat in excess of the rate arbitrarily fixed by ordinance."

See also *Eshner v. City of Lakewood,* 121 Ohio St. 106, 166 N.E. 904 (1929); *Winters v. Bisaillon,* 152 Or. 578, 54 P.2d 1169 (1936).

In *City of Baraboo v. Dwyer,* 166 Wis. 372, 165 N.W. 297, 298 (1917), the court had under consideration the question of whether a city ordinance fixing a definite limit of speed at 10 miles an hour was in conflict with a Wisconsin statute providing that "no person shall operate or drive any automobile . . . recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person." In referring to these provisions of the statute, the court remarked, "It is manifest from the foregoing that the Legislature had in mind that in certain cases the speed limit must depend upon the particular facts of the case, and that in such cases the speed limit should not be fixed by local authority, but be determined upon the facts of each case where the Legislature made no specific limitation as to speed. The object of the Legislature clearly was to establish a uniform regulation applicable to all localities, and thus avoid the confusion and uncertainty which would result to the traveling public by different speed limits in different localities."

The court then, after citing several authorities and quoting from others, continued as follows:

"It is obvious from the foregoing, as well as other provisions before referred to, that it was the intention of the Legislature to exclude local legislation inconsistent with state legislation upon the subject. True, under the statute local authority shall not be prohibited from enacting ordinances in strict conformity with the state law, 'imposing the same penalty for a violation of any of the provisions of said sections,' where the violation occurs within the jurisdiction of such local authority. *Ogden v. Madison,* 111 Wis. 413, 87 N.W. 568, 55 L.R.A. 506.

"The ordinance in question is not in conformity with our statute regulating speed of automobiles. It attempts to fix a limit of ten miles per hour over all bridges in the city of Baraboo, regardless of particular conditions. The ordinance provides a speed regulation, and fixes a speed different from the statute; hence is not in conformity therewith."

". . . [u]nder a statute prohibiting local regulations contrary to its provisions, and requiring reasonable speed in view of traffic and other conditions, ordinances fixing a maximum speed without regard to the amount, character, or conditions of traffic have been held invalid . . . .." 60 C.J.S. Motor Vehicles § 29(3)b, p. 233.

■ We conclude that the city of Arlington in its ordinance did not adhere to the basic rule contained in § 166(a) of reasonable and prudent speed, but rather, contrary to the statute, set a rigid speed limit of 30 miles per hour (unless otherwise posted). The ordinance being contrary to the statute, it is void.

The State argues that the complaint charged the appellant not with driving at an unlawful speed, but rather with driving at a speed greater than was reasonable and prudent under the circumstances then existing and cites the 30 mile per hour limit as being the "lawful maximum prima facie reasonable and prudent speed limit." The State notes that these allegations were proper ones under the general rule of § 166(a). An examination of the complaint shows this to be so. The State also observes that the court instructed the jury to determine whether the appellant was driving at a speed greater than reasonable and prudent under the circumstances then and there existing. The court also instructed the jury on the term "prima facie evidence" and instructed them it could be rebutted, etc. Thus, we must consider whether the conviction is thus sustainable under the state statute and not subject to attack as a conviction for violation of a void ordinance. See and cf. *Ex parte Devereaux*, supra. This is so because the offense involves a misdemeanor offense over which the Municipal Court of the city of Arlington has jurisdiction.[3]

■ To allege an offense under § 166(a)(1) of Article 6701d, it is necessary to allege and prove that the offense occurred in an "urban district."

§ 166(a)(1) reads as follows:

"Sec. 166(a). No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing. Except when a special hazard exists that requires lower speeds for compliance with paragraph (b) of this Section, the limits specified in this Section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this Section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"1. Thirty (30) miles per hour in any urban district."

In § 166(a)(5)(c) the following is found:

" 'Urban District' means the territory contiguous to and including any highway or street which is built up with structures devoted to business, industry or dwelling houses, situated at intervals of less than one hundred (100) feet for a distance of one-quarter (¼) of a mile or more on either side."

■ Since it was not alleged and proven that the offense occurred in an urban district, the conviction cannot be sustained under § 166(a)(1) with punishment authorized by § 143 of said Article 6701d. Thus, the conviction cannot be sustained under state law or under the void ordinance.

The State argues harmless error, citing *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Under the circumstances here discussed, we cannot agree.

The judgment is reversed and the prosecution ordered dismissed.

---

**3.** See Articles 4.01 and 4.14, V.A.C.C.P. It is also noted that the name of corporation court used in the Code of Criminal Procedure was changed to "municipal court" by Acts 1969, 61st Leg., p. 1689, ch. 547. See Article 1194A,

V.A.C.S. The punishment for the speeding offense under Article 6701d, § 166A, is set by § 143 at "a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."