**Steven Eugene NORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54686.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Rehearing Denied Jan. 31, 1979.

James R. Mallory, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, John R. Bankston and Ronald G. Knight, Asst. Dist. Attys., Fort Worth, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for speeding; punishment is a fine of $105.00.

Appellant argues that the ordinance of the City of Hurst for violation of which he was convicted is in conflict with a State statute and therefore is invalid. We disagree.

Art. 6701d, Sec. 166(a), V.A.C.S., provides, in pertinent part, as follows:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under circumstances then existing. Except when a special hazard exists that requires lower speeds for compliance with paragraph (b) of this Section, the limits specified in this Section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this Section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful;

". . .

"The maximum speed limits set forth in this Section may be altered as authorized in Sections 167, 168 and 169."

Article 6701d, Sec. 167(a), V.A.C.S., provides, in pertinent part, as follows:

"Whenever the State Highway Commission shall determine upon the basis of an engineering and traffic investigation that any prima facie maximum speed lim-

it hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of the highway system, taking into consideration the width and condition of the pavement and other circumstances on such portion of said highway as well as the usual traffic thereon, said State Highway Commission may determine and declare a reasonable and safe prima facie maximum speed limit thereat or thereon, . . ."

Article 6701d, Sec. 169(b), V.A.C.S., provides, in pertinent part, as follows:

"The governing body of an incorporated city, town or village with respect to any highway, street or part of a highway or street, including those marked as a route of highway of the State Highway System, within its corporate limits, shall have the same authority by city ordinance to alter maximum prima facie speed limits upon the basis of an engineering and traffic investigation as that delegated to the State Highway Commission with respect to any officially designated or marked highway, road or street of the State Highway System; provided that under no circumstances shall any such governing body have the authority to modify or alter the basic rule established in paragraph (a) of Section 166, . . ."

The ordinance under which appellant was prosecuted provides, in pertinent part, as follows:

"AN ORDINANCE AMENDING SECTION 24–100 OF THE HURST CODE OF ORDINANCES AND ESTABLISHING A 20 MILE PER HOUR SCHOOL ZONE ON HARWOOD ROAD FROM CAVENDER DRIVE TO THE EAST CITY LIMITS; PROVIDING A PENALTY; DECLARING AN EMERGENCY AND AUTHORIZING PUBLICATION.

WHEREAS, many school children must use Harwood Road to travel to school and such road is not wide enough to permit their travel by foot or bicycle off of the paved portion of said road, and it is deemed necessary by the City Council to protect such school children by reducing the speed on such street; NOW THEREFORE BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF HURST, TEXAS:

Sec. 1. That section 24–100 of the Code of Ordinances, City of Hurst, Texas, is hereby amended to read as follows: 'Section 24–100, School Zone Speed The following areas, streets, or portions thereof shall be designated special speed zones and it shall be unlawful for any person to drive any vehicle thereon at a speed greater than 20 miles per hour on school days between the hours of 7:30 and 8:30 A.M., and between the hours of 2:00 and 4:00 P.M., when signs are erected:'

[There follows a list of designated portions of certain streets, including that on which appellant was apprehended.]

Sec. 2. Any person violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in the sum of not more than $200.00."

The conviction in *Ex parte Devereaux*, 389 S.W.2d 672 (Tex.Cr.App.1965) was for violation of a city speeding ordinance. That conviction was upheld even though the penalty provision of the ordinance was void because it provided a different penalty than the State statute. The ordinance is not set out in the opinion in that case, but an examination of the record, which is on file in this Court, has revealed that that ordinance is in all material respects identical to the ordinance in the case at bar. We quote from that opinion:

"The ordinance before us is silent as to the rule referred to which makes it unlawful to drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing, any speed in excess of the limits specified in Sec. 166 or established as authorized in Secs. 167, 168, or 169 being prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

". . . Insofar as the ordinance in question alters the prima facie speed limits set out in Sec. 166(a) of Article 6701d, under authority of Secs. 166(a), 167, and 169, and implements said statute without altering or modifying the basic rule established in paragraph (a) of Sec. 166, it is valid and a conviction for violation of the state statute, implemented by the ordinance, with punishment authorized by Sec. 143 of said Article 6701d, is not subject to attack as a conviction for violation of a void ordinance."

Although appellant has directed our attention to a number of cases from other jurisdictions holding void city speeding ordinances similar to the one in the instant case, we prefer to adhere to the reasoning of *Ex parte Devereaux, supra.* The ordinance here reduced the prima facie speed limit from 30 miles per hour to 20 miles per hour. The pleading is sufficient under the State statute and the evidence is sufficient to sustain the conviction under the State statute as implemented by the ordinance changing the prima facie speed limit from 30 miles to 20 miles per hour.

The judgment is affirmed.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

Appellant was convicted for driving at a speed greater than was reasonable and prudent under the conditions and in excess of the twenty mile per hour school zone speed limit set out in an ordinance of the City of Hurst.

In the motion for rehearing, appellant contends that this cause should be reversed because of our decision in *Abrams v. State,* 563 S.W.2d 610 (Tex.Cr.App.1978). He urges that in *Abrams,* decided after his brief was submitted, this Court ruled consistently with his contention that the ordinance in question is void.

In our original opinion we held that in light of our decision in *Ex parte Devereaux,* 389 S.W.2d 672 (Tex.Cr.App.1965), the ordinance here was not void. In *Devereaux,* the ordinance purported to make it unlawful for anyone to drive faster than twenty (20) miles per hour within designated school zones during certain hours. It was silent, however, "as to the rule which makes it unlawful to drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing." It was, in other words, virtually identical to the ordinance before us here. The Court held that the ordinance was valid because it merely altered the prima facie speed limits established in Article 6701d, Section 166(a), V.A.C.S., under the authority of Sections 166(a), 167 and 169. Accordingly, we concluded that conviction under the ordinance was "not subject to attack as a conviction under a void ordinance."

Our decision in *Abrams v. State, supra,* was based on an ordinance of the City of Arlington which was significantly different than the one before us in the case at bar. The Arlington ordinance purported to set the speed limit at thirty (30) miles per hour throughout the entire city "unless otherwise posted." It made no provisions for the erection of signs to give notice thereof and specific designated areas were not delineated. In other words, it was a blanket change in state law without notice, with only the exceptions to be noted.

The Hurst ordinance does not institute such a blanket change. It does not attempt to alter the basic rule in Section 166(a) of reasonable and prudent speed by setting a rigid speed limit unless otherwise posted. On the contrary, the Hurst ordinance merely varies the prima facie speed limit within certain delineated areas, during designated times for the purpose of protecting school children passing through these areas. Moreover, all the changes are to be clearly marked and posted.

The recent decision in *Abrams v. State, supra,* is distinguishable from the case at bar, and we reaffirm the reasoning in *Ex parte Devereaux, supra.* The Hurst ordinance is valid because it alters the prima facie speed limits without modifying the basic rule of Section 166(a).

The motion for rehearing is overruled.