## C. McLain v. The State.

### No. 7. Decided February 22.

**1. Municipal Ordinances, when in Conflict with Statutes of the State.**—It is a general rule, that municipal by-laws must be in harmony with the general laws of the State, and also with the provisions of the municipal charter; and whenever they come in conflict with either, the by-laws must give way. The city can not pass an ordinance antagonistic to the State law.

**2. Same.**—Article 896 of the Code of Criminal Procedure provides, that no ordinance of a city or town shall be valid which provides a less penalty for any act, omission, or offense than is prescribed by the statutes where such an act or omission is an offense against the State.

**3. Same—Plea of Former Conviction.**—Where on a trial under an indictment charging defendant with carrying on or about his person knuckles made of metal or some hard substance, he pleaded a former conviction for the same offense in the Mayor's Court of the city of Vernon, and it was made to appear that there was a direct conflict between the penalties inflicted by the ordinances of said city and the provisions of article 318 of the Penal Code, with regard to this offense, the ordinances prescribing a less penalty than the statute· *Held*, that the city ordinance was invalid, the Mayor's Court had no jurisdiction to try the cause, and that the plea of former conviction was properly overruled in the County Court.

Appeal from the County Court of Wilbarger. Tried below before Hon. J. W. Blankenship, County Judge

Appellant was put upon trial upon an indictment in the County Court, charging him with carrying on or about his person "knuckles made of metal and a hard substance." He pleaded a former conviction for the same offense, before the Mayor's Court of the city of Vernon, which plea was, on motion of the county attorney, stricken out. The trial in the County Court resulted in defendant's conviction, his punishment being fixed at a fine of $25.

*Bradburn, Smith & Bashan*, for appellant.—The court erred in striking out defendant's plea of former conviction, said plea being sufficient, and showing that defendant had been once legally tried and convicted in a court of competent jurisdiction, upon the identical offense herein charged.

The city council of the city of Vernon had authority and power to pass the ordinance in question, and the mayor had jurisdiction under and by virtue thereof to try the defendant for a violation of the same. ·

At the time defendant was tried in said Mayor's Court there was an ordinance of the city of Vernon in force making it an offense for any person within the limits of the city to carry on or about his person any pistol, knuckles made of hard substance, etc., and prescribing a penalty of not less than $25 nor more than $100, and imprisonment, within the discretion of the mayor, not exceeding fifteen days. Sufficiency of plea

of former conviction:    Code Crim. Proc., art. 525; Williams v. The State, 13 Texas Ct. App., 285; Heffner v. The State, 16 Texas Ct. App., 573.   Jurisdiction of Mayor's Court:   Sayles' Civ. Stats., arts. 361, 381, 418; Ex Parte Boland, 11 Texas Ct. App., 159; Davis v. The State, 2 Texas Ct. App., 425; Craddock v. The State, 18 Texas Ct. App., 567; Flood v. The State, 19 Texas Ct. App., 584.

The jurisdiction of a justice of the peace is fixed by the Constitution; that of mayors and recorders is statutory.   Mayors and recorders of towns and cities incorporated under title 17, chapters 1 to 10, Sayles' Civil Statutes, not only have the same jurisdiction as a justice of the peace, but such other and additional jurisdiction as is conferred upon them by statute. The fact that justices of the peace have no jurisdiction to try offenses where the punishment is imprisonment in the county jail, furnishes no reason why a mayor or recorder of a city of Vernon's class could not try the same kind of an offense.   For the jurisdiction of a justice of the peace is fixed by the Constitution, and that of mayors is not.   As a test of the jurisdiction of justices of the peace, we look to the Constitution; for that of mayors and recorders, we must look to the law under which the city or town in which they hold office is incorporated.   The Legislature of the State, by articles 418, 381, and 361, clearly confers upon the city council of all such cities as Vernon the right to prohibit the carrying arms, and gives the mayor or recorder of such towns jurisdiction to try those who violate the same.   If the Legislature has conferred upon mayors and recorders greater jurisdiction than that of justices of the peace, it had a right to do so, because the Constitution is silent on the subject.   The County Court is the only court, as the law now stands, that can take cognizance of such misdemeanors as this, except mayors and recorders of towns and cities, under title 17, chapters 1 to 10, Sayles' Civil Statutes, acting under an ordinance of the city.   But the jurisdiction of the County Court is not exclusive, and can be entirely abolished by the Legislature, as has been done in numerous instances; and why could the Legislature not take away the exclusive right of the County Court to try this grade of offenses, and confer it upon mayors and recorders?

The county attorney did contend in his motion to strike out that the ordinance in question was invalid because it prescribes a less penalty than the State law on the same subject, but only says that the mayor had no jurisdiction of the offense; and if the mayor did have jurisdiction, then his motion should have been overruled.   We think, in view of the above authorities, there can be no question of that fact.   And assuming that the Mayor's Court did have jurisdiction, then the court erred in striking out for any reason defendant's plea of former conviction.   If not, why not?   All that is necessary, under article 525 of the Code of Criminal Procedure, is that defendant has been before convicted, legally, in a court of competent jurisdiction upon the same accusation, after having been

tried upon the merits for the same offense. Not that he has been tried in a court wherein the penalty for the offense was the same, but in a court of competent jurisdiction for the same offense.

*R. L. Henry*, Assistant Attorney-General, for the State, filed the following brief, which as will be seen hereafter was adopted by the court as the opinion in this case:

There is but one question to be considered in this case: Can a city incorporated under the general law of this State pass an ordinance providing a less penalty for an offense than the penalty imposed by the penal statutes for the same offense against the State laws?

On the 14th day of September, 1891, appellant was tried and convicted in the Mayor's Court of the city of Vernon for "carrying on and about his person knuckles made of a hard substance," in violation of an ordinance of said city against carrying arms, for which offense said ordinance imposed a penalty of a fine of not less than $25 nor more than $100, and imprisonment not exceeding fifteen days, or by such fine and imprisonment. The city of Vernon is incorporated under title 17 of Sayles' Civil Statutes. The punishment imposed in the Mayor's Court was a fine of $25 and all costs.

On the first day of March, 1892, appellant was tried and convicted in the County Court of Wilbarger County, on an indictment presented in the District Court of said county, for the same offense, as the record shows, and was fined $25, and all costs in such proceeding were taxed against him. Article 318 of the Penal Code provides as a punishment for such offenses as here involved, a "fine of not less than $25 nor more than $200, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment."

When appellant was called upon in the County Court to plead to the indictment, he interposed, under article 525, Code of Criminal Procedure, a plea of former conviction. The court, on motion of the county attorney, struck out this special plea, on the ground that the Mayor's Court had no jurisdiction to try the cause.

It is here stated as a fundamental proposition, that if the Mayor's Court had no jurisdiction to try the cause, its judgment was a nullity, and the County Court acted correctly in sustaining the motion of the county attorney. Abrams v. The State, ante, p. 449. There can be no doubt that the ordinance of the city of Vernon imposed a less penalty for the offense than that imposed for the same offense by article 318, Penal Code, and that the two penalties are in conflict. In the ordinance the highest fine is $100. In article 318 (idem) the highest fine is $200. In the ordinance the highest term of imprisonment is fifteen days, ranging from the very lowest term of imprisonment. In the Penal Code the highest term of imprisonment is thirty days, ranging from ten days.

Mr. Cooley says, in his Constitutional Limitations: "Municipal by-laws must also be in harmony with the general laws of the State, and with the provisions of the municipal charter. Whenever they come in conflict with either, the by-laws must give way. A charter, however, may expressly or by necessary implication exclude the general laws of the State on any particular subject, and allow the corporation to pass local laws, at discretion, which may differ from the rule in force elsewhere. But in these cases the control of the State is not excluded if the Legislature afterward sees fit to exercise it. Nor will conferring a power upon a corporation to pass by-laws and impose penalties for the regulation of any specified subject necessarily supersede the State law on the same subject." Page 239. St. Louis v. Cafferata, 24 Mo., 94; Mayor v. Allaire, 14 Ala., 400; Angerhoffer v. The State, 15 Texas Ct. App., 614. This court held in the case of Flood v. The State, 19 Texas Court of Appeals, 588, that in construing grants to municipal corporations such grants should be construed strictly against such corporations.

Again, the ordinance in question is invalid, we think, upon another ground. It is in direct conflict with the Penal Code. An ordinance, to be valid, unless special legislation be given for its enactment, must not conflict with a statute, but must conform to the law of the State. 1 Dill. Mun. Corp., sec. 319; Ex Parte Boland, 11 Texas Ct. App., 171. In Bohmy's case, 21 Texas Court of Appeals, 597, this court held, that where a city ordinance was different from a State law on the same subject, the ordinance must yield to the State law; and it is further held in the recent case of Ex Parte Sundstrom, 25 Texas Court of Appeals, 152, that "a city can not pass an ordinance antagonistic to the State law." And in the same case it is said: "However that may be, one thing is apparent, to-wit, that the ordinance, if legal, is adverse to the State laws, as defined in article 186. That article provides, that nothing shall be sold (exemptions excepted, of course) during the day (which means, of course, the entire day) by the named parties; whereas the city ordinance provides that the selling shall not take place between the hours of 9 o'clock a. m. and 4 o'clock p. m. on Sunday. This makes the ordinance void, because of that conflict. Ordinances must yield to the statute laws of the State, where there is a conflict between them." Flood v. The State, 19 Texas Ct. App., 584; Bohmy v. The State, 21 Texas Ct. App., 597; City of Canton v. Nist, 9 Ohio St., 439; Thompson v. City of Mount Vernon, 11 Ohio St., 688. Now we have the clear proposition of law that a city ordinance can not be superior to a State law unless the Legislature expressly enacts that such an ordinance may be in derogation of the statute law.

Appellant contends that by the Act of March 15, 1875 (article 381, Sayles' Civil Statutes), the city had authority to pass the ordinance in

question.  This acts reads, under title 17, "Cities and Towns:"  "To regulate the carrying of weapons, and to prevent the carrying of the same concealed."  But we have some late statutes on this subject, which seem to have been generally overlooked.  Article 894, Code of Criminal Procedure, reads:  "The mayor, or the officer by law exercising the duties usually incumbent upon the mayors of incorporated towns and cities, and recorders thereof, shall exercise, within the corporate limits of their respective towns or cities, the same criminal jurisdiction which belongs to justices of the peace within their jurisdiction, under the provisions of this code."  Article 895 is as follows:  "The proceedings before mayors or recorders shall be governed by the same rules which are prescribed for justices of the peace; and every provision of this code with respect to justices of the peace shall be construed to extend to mayors and recorders, within the limits of their jurisdiction."  Article 896 recites:  "The jurisdiction given to mayors and recorders of incorporated towns and cities shall not prevent justices of the peace from exercising the criminal jurisdiction conferred upon them; but in all cases where there is an incorporated town or city within the bounds of the county, the justice and mayor or recorder shall have concurrent jurisdiction within the limits of such town or city.  And no person shall be punished twice for the same act or omission, although such act or omission may be an offense against the penal laws of the State, as well as against the ordinances of such city or town; provided, that no ordinance of a city or town shall be valid which provides a less penalty for any act, omission, or offense than is prescribed by the statutes, where such an act or omission is an offense against the State."

It is thus seen that we have an express statute prohibiting any city from passing an ordinance imposing " a less penalty" for an offense than that " prescribed by the statutes," etc.  Aside from the authorities and decisions referred to, this statute sets the question completely at rest.  The conclusion is inevitable that the ordinance is in conflict with the State law, and therefore all proceedings in the Mayor's Court under such ordinance are a nullity.  The conviction in the County Court is correct, the facts are sufficient, and there is no error of law.

DAVIDSON, JUDGE.—The Assistant Attorney-General, in an able brief and argument, has fully, and we think conclusively, met and answered the proposition relied on by the appellant, and involved in this appeal. He supports his argument by authorities that are unanswerable, as well as by former decisions of this court.  We deem it unnecessary to enter upon a further discussion of the issues discussed, and therefore adopt the brief as the opinion of this court.  The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.