### EX PARTE JESSE FARLEY.

No. 1764. Decided February 21, 1912.

**1.—City Charter and Ordinance—Pool Hall—State Law.**

Towns and cities have no power except such as is granted by the Legislature, unless set out in the Constitution, and where there is a doubt as to such power, it must be resolved against the municipal corporation. Following Flood v. State, 19 Texas Crim. App., 384, and other cases.

**2.—Same—Punishment—Ordinance.**

Where the punishment, if there was any under the city ordinance, is less than that prescribed by the State law, the ordinance is invalid.

**3.—Same—Conflict Between Ordinance and State Law.**

A city ordinance must not be in conflict with the State law upon the same subject, and where the ordinance provides for the punishment of an act which is made penal by State law, the same must be the same as the State law both as to definition and punishment.

**4.—Same—Occupation—Business.**

If the occupation or business under the State law operates or can operate or be carried on without limitation as to hours, then the city ordinance can not limit the time to a shorter period of hours. Following Fay v. State, 44 Texas Crim. Rep., 381, and other cases.

**5.—Same—Case Stated.**

Where the State law provided that pool halls and billiard tables may run or keep open during the twenty-four hours, and places no limit upon the hours of opening and carrying on the business, the town ordinance which limited the opening of these pool halls to nine o'clock in the evening is invalid, and where relator was charged thereunder, he must be discharged.

Appeal from the County Court of Hall. Tried below before the Hon. Jno. D. Bird.

Appeal from a judgment refusing to discharge relator for violating a city ordinance providing that pool halls must be closed after nine o'clock in the evening.

The opinion states the case.

A. S. Moss and Mathis & Kay, for relator.—As to conflict between State law and city ordinance: Ex parte Ogden, 66 S. W. Rep., 1100; State v. Arringston, 13 Texas Crim. App., 613; 28 Cyc., 367, and cases cited in opinion.

*Robert J. Thorne,* for respondent.—On question of the validity of ordinance: Ex parte Battis, 48 S. W. Rep., 513; 28 Cyc., 368; St. Louis Adv. Co. v. City of St. Louis, 137 S. W. Rep., 929; Ex parte Patterson, 58 S. W. Rep., 1011.

DAVIDSON, Presiding Judge.—Relator was arrested, charged by complaint with violating an ordinance of the town of Memphis, in Hall County, for keeping open his pool hall and running therein pool tables after 9 o'clock in the evening. He sought through writ of habeas corpus, relief from arrest on the ground that the ordinance was void. The county judge, upon the hearing, decided the law against his contention.

The ordinance is supposed to be framed under article 431 of the Revised Civil Statutes. That article authorizes towns to "license, tax and regulate billiard tables, pin alleys, ball alleys," etc. The above language is that portion of the article it is claimed which justified the pasage of this ordinance. Pool halls or pool tables are not mentioned in the statute. The city's contention is that the expression "billiard tables" is sufficient to cover pool tables. Under the view we take of the matter it is unnecessary to discuss whether "pool table" is included within the term "billiard tables."

1. There has been levied a State occupation tax upon pool tables, and this authorizes counties and incorporated towns to levy half of the amount of the State tax for county and city purposes. Relator's contention is that the ordinance is void, because power was not granted under the general statutes to towns and cities to pass the ordinance in question. It may be stated as a correct general proposition, that towns and cities have no power except such as granted by the Legislature, unless set out in the Constitution, and wherever there is a doubt of the authority of municipal corporations that doubt is resolved most strongly in favor of the State and against the municipal corporation. Flood v. State, 19 Texas Crim. App., 584; Ex parte Ginnochio, 30 Texas Crim. App., 584. Authorities are hardly necessary, however, to cite in support of that proposition. Therefore, wherever a city seeks to pass an ordinance, and it is doubtful that such power exists, it devolves upon the city to show the grant of power, and if there be a doubt, it is to be resolved against the city. From this viewpoint we are of opinion that the law is with the relator. The punishment, if there be any, under this ordinance, is less than that prescribed by the State law.

2. There is another proposition that seems to be unquestioned, and that is the ordinance, to be valid, must not be in conflict with the State law upon the same subject. This has come before this and other courts of the State in various forms. Wherever the State authorizes an occupation or calling and levies a tax upon it or requires a license, the city ordinance, if the city seeks to levy a tax or grant a license, its action must be strictly in compliance with the Constitution and the laws in the exercise of that authority. The city can not legally levy

more than half of the tax imposed by the State. It is deemed unnecessary to cite authorities in support of this proposition. If the State denounces an offense and fixes the punishment for it, and the city or town undertakes to pass an ordinance punishing the same offense, then the ordinance must be the same as the State law both as to definition and as to punishment. Flood v. State, 19 Texas Crim. App., 584; Mantel v. State, 55 Texas Crim. Rep., 456; Angerhoffer v. State, 15 Texas Crim. App., 613; McLain v. State, 31 Texas Crim. Rep., 558; Lynn v. State, 33 Texas Crim. Rep., 153; Bohmy v. State, 21 Texas Crim. App., 597; Arroyo v. State, 69 S. W. Rep., 503; Fay v. State, 44 Texas Crim. Rep., 381. In other words, the proposition may be concreted into this statement if the ordinance is in conflict with the State law, it will be held invalid. This is supported by the authorities cited.

3. Another proposition that is supported by the authorities is this: if the occupation or business under the State law operates or can operate or be carried on without limitation with reference to hours of the twenty-four, then the ordinance can not limit the time to a shorter period of hours. For instance, if the business is authorized under the State law to run the entire twenty-four hours, an ordinance which authorizes the business to be carried on for fewer hours or restricts or inhibits it to less time than twenty-four hours, would be invalid. Arroyo v. State, 69 S. W. Rep., 503; Fay v. State, 44 Texas Crim. Rep., 381, and authorities already cited. In the Arroyo case, supra, the city of Dallas passed an ordinance authorizing the opening of saloons on Sunday for the purpose of selling liquor until 9 o'clock in the morning, and after 4 o'clock in the evening. As the State law prohibited the selling of the liquor for the twenty-four hours, this ordinance was held invalid, yet the city charter undertook to confer authority upon the city to pass such an ordinance. The Fay case arose in Galveston involving the same question. The ordinance undertook to confer authority upon the owners of saloons to sell intoxicants on Sunday until 9 o'clock in the morning, and required them to close until 4 o'clock in the evening, after which time they could carry on their business. The ordinance was held invalid in that it was contrary to the statutes of the State, which required the closing of the saloons for the entire twenty-four hours. Under the State law pool halls and billiard tables may run or keep open during the twenty-four hours, there being no limit placed by the State statute upon the hours of opening and carrying on the business. The Memphis town ordinance undertook to limit the opening of these pool halls to 9 o'clock in the evening. This is in direct conflict with the State law, and under the authorities cited must be held invalid.

The judgment is reversed and relator is ordered discharged from custody.

*Relator discharged.*