Billy Jack HONEYCUTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 60506.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 30, 1981.

Rehearing Denied Jan. 27, 1982.

418

Frans O. Borup, South Houston, John K. George (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., W. Scott Carpenter and Larry Thomas, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

This is an appeal from a conviction for the offense of negligent collision, where the punishment assessed by the trial court was a fine of $125.00.

The record reflects that on January 5, 1978, a complaint was filed against appellant in the Pasadena Municipal Court alleging the following:

---

**In the Name and by Authority of the State of Texas:**

I do solemnly swear that I have good reason to believe, and do believe, that Billy Jack Honeycutt hereinafter called Defendant, heretofore, on or about the 16th day of December A. D. 1977, and before the making and filing of this complaint, did drive and operate a motor vehicle within the corporate limits of the City of Pasadena, in the County of Harris and State of Texas, upon Fairmont Parkway at Strawberry Road, a public street in the aforesaid City, did then and there collide with a vehicle which was being driven by Tami Jean Watson hereinafter called complainant, there resulting from said collision damage to an apparent extent of $50.00 or more, said damage then and there being caused by the negligence of said defendant in the following respects and particulars:

1. The said Defendant did then and there fail to guide said motor vehicle driven by him away from said other motor vehicle, as a person of ordinary prudence would have done under like circumstances; and

2. The said Defendant did fail to keep a proper lookout for said other motor vehicle, which said Defendant could have seen in time to avoid running into and striking, had said Defendant been looking in the direction in which he was going; and

3. The said Defendant did not then and there have said motor vehicle, which he was driving, under proper control by reason that said Defendant did then and there operate said motor vehicle at a greater rate of speed than a person of ordinary prudence would have done under like circumstances; and

4. The said Defendant did then and there fail to make such application of brakes on said motor vehicle, which he was driving, as a person of ordinary prudence would have done under like circumstances.

Against the peace and dignity of the State.

[Signature]

Sworn to and subscribed before me this 5th day of January, 1978.

[Signature]

Clerk of the Municipal Court of the City of Pasadena, Harris County, Texas

The City Council of the City of Pasadena on May 28, 1974, enacted Ordinance No. 74–119, on which the complaint is predicated. It provides as follows:

AN ORDINANCE AMENDING ARTICLE II, SECTION 36–76, CODE OF ORDINANCES, CITY OF PASADENA, TEXAS BY DEFINING THE TERM "NEGLIGENCE" WITHIN THE SECTION WITHOUT REFERENCE TO THE PENAL CODE OF THE STATE OF TEXAS.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF PASADENA:

SECTION 1. That Article II, Section 36–76 of the Code of Ordinances, City of Pasadena, Texas shall be amended so that it shall hereafter read as follows:

"Sec. 36–76. Negligent collision.

(a) If any driver or operator of a vehicle upon any public street, highway, or upon any drive in a public park or upon any privately owned access ways or parking areas provided by business establishments, without charge, for the convenience of their customers, clients, or patrons, but not upon privately owned residential property or the property of any garage or parking lot for which a charge is made for storage or parking of motor vehicles, within the corporate limits of the City of Pasadena, shall with negligence, which term is hereby defined as the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, cause damage to or collide with any other vehicle of any kind whatsoever, or with any other property, resulting in a total damage to an apparent extent of fifty dollars ($50.00) or more, within the said corporate limits of the City of Pasadena, he shall be held guilty of negligent collision, and upon conviction shall be fined not less than five dollars ($5.00) nor more than two hundred dollars ($200.00).

(b) Proof of no intent on the part of any operator of any vehicle charged with an offense under this section to collide with any other vehicle or with any other property shall be no defense to any charge filed under the authority of such section.

(c) Nothing contained in this section shall authorize the prosecution of any person for the violation of the same while such person is operating any fire department or police department vehicle of the city in the performance of his duty, provided, that it shall not be necessary in any complaint, action or proceeding under this section to negative any exception, but the same shall be proved by the defendant by way of defense.

PASSED ON FIRST READING by the City Council of the City of Pasadena, Texas, in regular meeting in the City Hall this the 28 day of May, A. D., 1974.

APPROVED this the 28 day of May, A. D., 1974.

/s/ John Ray Harrison
JOHN RAY HARRISON, MAYOR OF THE CITY OF PASADENA, TEXAS

On January 9, 1978, pursuant to the complaint filed on January 5, 1978, appellant appeared in the Municipal Court of Pasadena and, after a bench trial on a plea of not guilty, was found guilty and his punishment was assessed at a $25.00 fine and costs of court. He timely gave notice of appeal to the County Criminal Court at Law No. 2 of Harris County. Subsequently, he was accorded a trial de novo in the latter court, where he again waived trial by jury, but was again found guilty after a trial to the court. His punishment was assessed at a fine in the amount of $125.00. Notice of appeal was given to this Court on the same day.[1]

In his sole ground of error, appellant complains his conviction is void for failure of the complaint to allege a culpable mental state. See V.T.C.A. Penal Code, Sec. 6.02. The cause was tried in the County Court by stipulations and agreements between the parties.

We first observe that the Legislature has not enacted legislation making "negligent collision" a crime. We are not therefore confronted with the applicability of the rule that where the Legislature has enacted a certain law, an ordinance will be declared void if it is in conflict with the Legislative edict. However, in *Northern Texas Traction Co. v. Smith*, 223 S.W. 1013 (Tex.Civ. App.—Ft. Worth, 1920), it was stated:

> The state has not attempted to define the maximum speed at which a street car or automobile may run on the street of Ft. Worth, and it is within the province of the legislative officials of the City of Ft. Worth to fix a maximum speed on its streets, providing such maximum speed is not in excess of that provided by the laws of the State. (1015).

In *Abrams v. State*, supra, where this Court declared a speeding ordinance of the City of Arlington null and void because it was contrary to the state statute regulating the permissible speed of motor vehicles, we pointed out at page 613:

> Article XI, Sec. 5 of the Texas Constitution, provides that *no city ordinance may contain any provision inconsistent with the State Constitution or of the general laws enacted by the Legislature.* 'Accordingly, ordinances are void where they are in conflict with provisions of the Constitution or statutes.' 40 Tex.Jur.2d, Part 1, Municipal Corporations, Sec. 286, p. 43.

In *Ex parte Deveraux*, 389 S.W.2d 672 (Tex.Cr.App.1965), and *Ex parte Watson*, 154 Tex.Cr.R. 167, 225 S.W.2d 850 (1949), this court held that the penalty provisions of city ordinances were void where they provided a penalty different from that provided in the statute.

Also, in *Ex parte Farley*, 65 Tex.Cr.R. 405, 144 S.W. 530 (1912), this Court said:

> If the state denounces an offense and fixes the punishment for it, and the city or town undertakes to pass an ordinance punishing the same offense, then *the ordinance must be the same as the state law both as to definition and as to punishment.* In other words, the proposition may be concreted into this statement: *If the ordinance is in conflict with the state law, it will be held invalid.* (citations omitted) (emphasis added)

See, however, Vol. 40, Part 1, Texas Jurisprudence, (1976 Edition), Sec. 287.

> However, since the state may authorize municipal corporations to make an act an offense under the police power though it does not make the same act a state offense, in such a case it is not necessarily a valid objection to an ordinance that it denounces an act that is not made an offense by the Penal Code. (47).

Although the Legislature has not enacted legislation making "negligent collision" a crime, it did, by enacting V.T.C.A. Penal Code, Sec. 6.02,[2] make it mandatory that a

---

1. The record on appeal contains a sentence but, for reasons stated in *Abrams v. State*, 563 S.W.2d 610 (Tex.Cr.App.1978), it is a nullity because sentences are not required in cases, such as here, where the maximum possible

punishment is by fine only. Appellant's trial, his "sentencing," and the giving of notice of appeal all occurred on the same day, February 23, 1978.

2. Sec. 6.02 provides:

culpable mental state be pled in a charging instrument "unless the definition of the offense plainly dispenses with any mental element." Furthermore, Sec. 6.02(c) provides: "If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subdivision (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

In *Cole v. State*, 556 S.W.2d 343, 345 (Tex.Cr.App.1977), Judge Dally remarked, by way of obiter dicta: "It would now appear that not simple negligence but criminal negligence [3] is the lowest degree of conduct for imposing criminal responsibility." See *Bocanegra v. State*, 552 S.W.2d 130 (Tex.Cr.App.1977).

 Thus, by the past decisions of this Court, it should now be self-evident that "where a culpable mental state is an element of the offense, failure to allege this element renders the indictment [or other charging type instrument] fundamentally defective." *Ex parte Winton*, 549 S.W.2d 751, 752 (Tex.Cr.App.1977).[4]

We, therefore, restrict ourselves to the question of whether this complaint is void for failure to state and allege any culpable mental state; i.e., intentionally, knowingly, recklessly or with criminal negligence, as defined by V.T.C.A. Penal Code, Sec. 6.03.

(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires. (b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element. (c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility. (d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows: (1) intentional (2) knowing; (3) reckless; (4) criminal negligence. (e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged.

3. V.T.C.A. Penal Code, Sec. 6.03(d) provides:

The complaint before us that supports the conviction in this cause unquestionably fails to allege any of the culpable mental states found in Sec. 6.02, *supra.*

The State contends, however, that the Pasadena ordinance satisfies Sec. 6.02, *supra*, because of its caption, which recites: "AN ORDINANCE AMENDING ARTICLE II, SECTION 36–76, CODE OF ORDINANCES, CITY OF PASADENA, TEXAS BY DEFINING THE TERM "NEGLIGENCE" WITHIN THE SECTION *WITHOUT REFERENCE TO THE PENAL CODE OF THE STATE OF TEXAS.*" (emphasis added)

It is apparent that the State is construing Sec. 6.02(b), to mean that if a municipality's legislative body, in enacting a criminal ordinance, sees fit to "plainly dispense with any mental element," then a culpable mental state need not be alleged in a complaint, i.e., here, the municipality's legislative body, in enacting this ordinance, "plainly dispensed, for the offense of criminal negligent collision, the culpable mental states of intentionally, knowingly, recklessly or with criminal negligence, as defined in Sec. 6.03 of the Penal Code."

 However, if we adopted this interpretation, see *Bocanegra,* supra, at page

A person acts with *criminal negligence,* or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. (Emphasis added.)

4. We do not mean to intimate by this statement that all criminal offenses require a culpable mental state be alleged in the charging instrument. For example, a culpable mental state is not a requisite for charging the offense of driving an automobile while intoxicated, see *Ex parte Ross*, 522 S.W.2d 214, 217 (Tex.Cr.App. 1975), speeding, see *Zulauf v. State*, 591 S.W.2d 869, 872 (Tex.Cr.App.1980), nor for many of the other traffic type offenses set out in Art. 6701d, V.A.C.S.

132, "much of the beneficial effect of [the Legislature's] creating four 'carefully defined' culpable mental states [would be lost]. See the Practice Commentary to Section 6.03, *supra.* Moreover, such a holding would be in direct conflict with the explicit language of Section 1.03(b), *infra*, which extends the provisions of Sections 6.02 and 6.03 to offenses outside the Penal Code." In sum, such interpretation would run afoul of the general rule that a municipal ordinance must not conflict with a State statute.

■ The provision of the ordinance that establishes a lack of intent to damage the property of another does not "plainly dispense with *any* mental element," (emphasis added), but dispenses only with that of *one* mental element, namely that of "intent." Further, an assertion in a law that no culpable mental state is required would be negated if that law also required a showing of simple negligence, as negligence of any degree, however named, is a standard of criminal responsibility.

■ Additionally, the ordinance does not "dispense with" a culpable mental state, but instead substitutes its own version of a culpable mental state. This mental state, simple negligence, is one explicitly rejected by the Texas Legislature. See the Practice Commentary to Sec. 6.03(d), *supra.*

■ Finally, "the provisions of Titles 1, 2, and 3 of the Penal Code apply to offenses defined by other laws, unless the *statute* defining the offense provides otherwise." V.T.C.A. Penal Code, Sec. 1.03(b). (emphasis added) The manner of the Legislature's use of the term "statute," throughout the

Penal Code, makes it plain that the term "statute" applies only to enactments of State Legislatures and the Federal Congress; not to municipal ordinances or orders of a county commissioner's court.[5] Therefore, Sec. 1.03(b), *supra*, precludes a municipality of this State from defining an offense to exclude the application of Sec. 6.02, as this ordinance appears to do.

■ Although the Pasadena municipal ordinance does not prescribe an authorized culpable mental state, one is nevertheless required by Sec. 6.02, *supra.* See *Bocanegra v. State*, supra. The complaint in this cause does not allege that appellant acted with intent, knowledge, recklessness, or criminal negligence. See Sec. 6.02(c), *supra.* Therefore, it is fundamentally defective for failure to allege a culpable mental state. *Bocanegra v. State*, supra; *Tew v. State*, 551 S.W.2d 375 (Tex.Cr.App.1977).

Because it is not necessary to the decision we reach, that is, that the complaint is void for failure to allege a culpable mental state, we pretermit for another day a discussion of whether the Pasadena City Ordinance may be in conflict with State law.

Finding the complaint void, the judgment is reversed and the complaint is ordered dismissed.

DALLY, J., dissents.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction under a Pasadena municipal ordinance for negli-

---

5. See V.T.C.A. Penal Code, Subsections 1.03(a) and 1.07(a)(20).

"Conduct" does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioner's court, or rule authorized by and lawfully adopted under a *statute.*

"Law" means the constitution or a *statute* of this state or of the United States, a written opinion of a court of record, a municipal ordinance, an order of a county commissioner's court, or a rule authorized by and lawfully adopted under a *statute.*

It is obvious that the word "law," as defined, is used in its generic sense, that is, it is a body

of rules of action or conduct prescribed by the controlling authority. See Black's Law Dictionary 795 (5th Ed. 1979). In each of the above definitions of "conduct" and "law," the terms "statute" and "municipal ordinance" are each specially set out, indicating that the Legislature considered them to be separate and distinct types of "laws." However, Sec. 1.03(b), supra, does not specifically include "municipal ordinances," but refers only to "statutes," thereby resulting in the necessary inference that "municipal ordinances" were not intended to be included within the ambit of Sec. 1.03(b), *supra.*

gent collision. On original submission the Court held that the complaint on which appellant was brought to trial was void for failure to allege a culpable mental state. The complaint and the municipal ordinance are set out in full in the opinion on original submission.

The prior opinion in this case pointed out that the ordinance defined the offense in terms using a culpable mental state of negligence, a culpability distinct from each of the four established in Sec. 6.02 of the Penal Code. The complaint alleged the offense in the same terms, omitting any culpable mental state required by Sec. 6.02, supra. The ordinance itself expressly stated its intent to deviate from the Penal Code, by commencing, "AN ORDINANCE AMENDING ARTICLE II, SECTION 36.-76, CODE OF ORDINANCES, CITY OF PASADENA, TEXAS *BY DEFINING THE TERM "NEGLIGENCE" WITHIN THE SECTION WITHOUT REFERENCE TO THE PENAL CODE OF THE STATE OF TEXAS.*" (Emphasis added.)

On original submission the court held that Sec. 6.02, supra, does not permit such an introduction of a new culpable mental state not created by the Penal Code, and that V.T.C.A., Penal Code Sec. 1.03(b) does not authorize deviations by municipal ordinance from the requirements of Sec. 6.02, supra. Consequently, it was held, the complaint was void for failure to allege a culpable mental state prescribed by the Penal Code.

On rehearing the State challenges the construction of Sec. 1.03(b), supra, with the argument that "statute" includes municipal ordinance. Sec. 1.03(a) and (b), in relevant part, provide:

"(a) Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute.

"(b) The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws, *unless the statute defining the offense provides otherwise*; . . ."
(Emphasis added.)

The State concedes that "statute" as used in Sec. 1.03(a) refers to legislative enactments, as held on original submission, and does not include municipal ordinances. In contrast, the State then argues that "statute" in Sec. 1.03(b) does include municipal ordinances, and thereby allows a municipality to escape the requirements of Sec. 6.02, supra. In essence the State's argument is simply that if "statute" in Sec. 1.03(b) does not include municipal ordinance, then "only a 'statute defining the offense' can make Titles 1, 2, and 3 inapplicable to 'an offense defined as an offense . . . by municipal ordinance.'" This, asserts the State, creates an inconsistency in the statute. We perceive no such inconsistency.

 We find the plain intent of Sec. 1.03(b) to be that only an act of the legislature may remove an offense from the general principles established in the first three titles of the code. The legislature used "statute" in Sec. 1.03(b) because it did not intend to grant municipalities, county commissioners courts, and rule making authorities the power to remove whatever offenses they created from such code provisions as the general requirements of culpability stated in chapter 6 of the code, the law of parties of chapter 7, the defenses of chapter 8, such as insanity, duress, and age affecting criminal responsibility, and the justifications of chapter 9, such as public duty, necessity, and the law of protection of persons and property. If the State's argument were correct, a municipal ordinance could create an offense establishing criminal liability irrespective of the existence of any such legislatively codified general rules of culpability, defenses and justifications. A municipality could even abrogate application of the preemption doctrine itself, of V.T.C.A., Penal Code Sec. 1.08, if we adopted the construction of Sec. 1.03(b), supra, proposed by the State. We reject the State's construction of Sec. 1.03(b) and hold that "statute" as used in that section refers to enactments of the legislature, and was intended to reserve to the legislature the power to define offenses in abrogation of

the provisions of Titles 1, 2 and 3 of the Code,[1] which include the culpable mental state requirements of Sec. 6.02, supra.

In another argument on rehearing the State proposes that even if the ordinance is subject to the requirements of Sec. 6.02, supra, the provision in the ordinance of a culpable mental state of simple negligence constitutes compliance. We do not agree.

Sec. 6.02, supra, in relevant part provides:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

 Sec. 6.02(a) states the general rule: one of the four culpable mental states defined in the Penal Code is an essential element of every offense. The exceptions to the general rule are stated in Sec. 6.02(b) and (c): if the *definition* of the offense does not include a culpable mental state as required by the general rule, then intent, knowledge, or recklessness is the applicable mental state unless the definition of the offense clearly dispenses with any mental element, so that *no* culpable mental state is required.

The ordinance does not include one of the four culpable mental states in the definition of negligent collision, so the general rule of Sec. 6.02(a) is not satisfied and Sec. 6.02(b) must be consulted. The definition of negligent collision also does not plainly dispense with any culpable mental state, since it does attempt to apply a new

culpable mental state not created by the Penal Code. Therefore, under Sec. 6.02(b), a culpable mental state is required, and under Sec. 6.02(c), the minimum required culpability is recklessness. An allegation of simple negligence does not comply with the requirements of Sec. 6.02, supra.

The decision on original submission properly concluded that the complaint in this case is fundamentally defective for failure to allege a culpable mental state.

The motion for rehearing is denied.

ROBERTS, J., concurs in the results.

---

1. Title 3, Punishment, is a special case, as provided in the closing portion of Sec. 1.03(b), not quoted in this opinion and not at issue in this case.