**Richard KNOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–01073–CR.**

Court of Appeals of Texas, Dallas.

Feb. 28, 1983.

Herbert Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., for appellee.

Before CARVER, SPARLING and ALLEN, JJ.

CARVER, Justice.

Richard Knott was convicted under a Dallas ordinance making it an offense to blink one's own car lights to warn motorists traveling in the opposite direction of a police radar trap set up to catch speed limit violators. We reverse because the State has legislated comprehensively on the same subject as the City's ordinance; consequently the City's ordinance on the subject was preempted and will not support Knott's conviction.

The parties and their counsel stipulated the City's ordinance as well as the facts. The ordinance provides:

A person commits an offense if he places, maintains, or displays, upon or in view of a highway, any unauthorized sign, signal, marking, or device which purports to be, is an imitation of, or resembles an official traffic control device or railroad sign or signal, or which attempts to direct the movement of traffic, or which hides from view or interferes with the effectiveness of an official traffic control device or a railroad sign or signal, *or which warns or attempts to warn the operator of a vehi-*

cle of speed control enforcement being conducted on the highway. [emphasis added]

The stipulation provides:

RICHARD DOUGLAS KNOTT did display an unauthorized signal by means of which the Actor attempted to warn other drivers and operators of motor vehicles that speed control enforsement [sic] was being conducted on the said street and highway in the following particulars by:

(a) The Defendant while driving and operating a motor vehicle at the aforesaid location did flash the headlights of his motor vehicle on and off as other vehicles approached the Defendant's vehicle from the opposite direction;

(b) Said such flashing on and off of headlights being a common use by drivers of motor vehicles in attempting to warn drivers of other motor vehicles of speed control enforcement; and,

(c) The Actor having at this time the intent to warn other drivers at the aforesaid location of speed control enforcement then being conducted on said public street.

We do not reach the grounds of error urged by Knott to have accrued in the course of trial, or the State's responses thereto, since the City was forbidden to *enact* its ordinance by statute and the court was forbidden by statute to *enforce* the ordinance. Section 1.08, Tex.Penal Code Ann. (Vernon 1974) provides:

No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to a criminal penalty. This section shall apply only as long as the law governing the conduct proscribed by this code is legally enforceable.

Section 38.05, Tex.Penal Code Ann. (Vernon 1974) provides:

(a) A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense he:

(1) harbors or conceals the other;

(2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or

(3) *warns the other of impending discovery or apprehension.*

(b) It is a defense to prosecution under Subsection (a)(3) of this section that the warning was given in connection with an effort to bring another into compliance with the law.

(c) An offense under this section is a Class A misdemeanor. [emphasis added]

The State's brief concedes that the ordinance's purpose was to prevent Knott from blinking his lights "to warn others of their imminent apprehension." The very conduct proscribed by the City ordinance is, in almost identical language, proscribed by Section 38.05(a)(3), *i.e.,* "warns the other of impending discovery or apprehension." Since the State has proscribed *conduct* which warns another of impending discovery or apprehension, we hold that a City ordinance which likewise proscribes *conduct* which warns another of his imminent apprehension is contrary to Section 1.08. Since Section 1.08 provides that the City may neither *enact* nor *enforce* its ordinance as to conduct proscribed in Section 38.-05(a)(3), it follows that the ordinance, to the extent it prescribes conduct covered by Section 38.05(a)(3), is void; Knott's conviction must be set aside; and the accusation dismissed.

Reversed and dismissed.