

# THE ATTORNEY GENERAL
## OF TEXAS

May 6, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Lloyd Criss
Chairman
Committee on Labor and
   Employment Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-689

Re:    Authority of the State
Fire Marshal to promulgate
rules regarding fire protec-
tion sprinkler contractors

Dear Representative Criss:

As Chairman of the House Committee on Labor and Employment
Relations, you ask several questions about article 5.43-3 of the Texas
Insurance Code. The purpose of article 5.43-3 is to protect the
public from the installation of unsafe fire protection sprinkler
systems. The act has three main requirements: first, each fire
protection sprinkler system contractor must register with the State
Board of Insurance; second, each fire protection sprinkler system
contractor must employ at least one full-time licensed responsible
managing employee; and finally, each managing employee must obtain a
license by complying with requirements imposed by the State Board of
Insurance. See §§4, 8. You ask whether article 5.43-3 prohibits a
registered contractor or licensed individual from subcontracting an
entire project or part of a project to an unregistered subcontractor
or unlicensed individual. You also ask whether, if article 5.43-3
does not prohibit this subcontracting, the State Board of Insurance
·may promulgate rules to prohibit such conduct.

Article 5.43-3 requires all contractors, whether they are primary
contractors or subcontractors, for the plan, sale, installation,
maintenance, or servicing of all or part of a fire protection
sprinkler system to obtain a certificate of registration from the
board and to employ at least one full-time, licensed, responsible,
managing employee. Section 4 of article 5.43-3 requires, in part:

> (a) A fire protection sprinkler system con-
> tractor must apply to the board for a certificate
> of registration on a form prescribed by the board.
> If the contractor is a partnership or joint
> venture, it need not register in its own name if
> each partner or joint venturer is registered. . . .

> (b) Each fire protection sprinkler system contractor must employ at least one licensed responsible managing employee on a full-time basis.
>
> (c) Each responsible managing employee must obtain a license issued by the board and conditioned on the successful completion of the examination requirement and other requirements prescribed by the rules adopted under this article. . . .  (Emphasis added).

See also §8.  Section 1(8) defines a "fire protection sprinkler system contractor" as

> a person or organization that offers to undertake, represents itself as being able to undertake, or does undertake the plan, sale, installation, maintenance, or servicing of a fire protection sprinkler system or any part of such a system. (Emphasis added).

This definition clearly reaches subcontractors.

Section 2(b) of article 5.43-3 contains several narrow exceptions which may apply to some subcontractors.  Subsection (b) of section 2 provides, in part, that article 5.43-3 does not apply to:

> (4) a person or organization that sells or supplies products or materials to a registered fire protection sprinkler system contractor;
>
> (5) an installation, maintenance, or service project for which the total contract price for labor, materials, and all other services is less than $100, if:
>
> > (A) the project is not a part of a complete or more costly project, whether the complete project is to be undertaken by one or more fire protection sprinkler system contractors; or
> >
> > (B) the project is not divided into contracts of less than $100 for the purpose of evading this article;
>
> . . . .
>
> (7) a regular employee of a registered fire protection sprinkler system contractor.

These exceptions, however, particularly subsections 2(b)(5)(A) and 2(b)(5)(B), emphasize that article 5.43-3 was intended to reach subcontractors.

Because you ask whether article 5.43-3 prohibits a registered contractor or a licensed individual from subcontracting with an unregistered contractor or an unlicensed individual, a preliminary clarification of article 5.43-3's requirements is necessary. The registration and licensing provisions of article 5.43-3 serve different purposes. Subsection 2(b)(7) provides that article 5.43-3 does not apply to "a regular employee of a registered fire protection sprinkler system contractor." This exception, however, logically applies only while the employee acts as an employee of a registered contractor. If a licensed employee acts independently, i.e., apart from his registered contractor employer, and offers to undertake or undertakes "the plan, sale, installation, maintenance, or servicing of a fire protection sprinkler system or any part of such a system," the licensed employee must also obtain a certificate of registration from the board. The act's requirement that a contractor employ a licensed managing employee is one of the requirements for obtaining a certificate of registration; it is not a substitute for registration. Consequently, this opinion addresses your questions in the context of registered and unregistered contractors.

As indicated, subcontractors fall within the definition of persons or organizations that must obtain certificates of registration. The more difficult question is whether article 5.43-3 prohibits the actual act of subcontracting as well. You ask whether article 5.43-3 prohibits registered contractors from subcontracting with a person or organization who has not complied with the act. If it does not prohibit such subcontracting, you ask whether the board may promulgate rules prohibiting such conduct.

Section 8 provides that a person or organization may not:

> (1) plan, sell, install, maintain, or service a fire protection sprinkler system without a valid certificate of registration;

> (2) act as a fire protection sprinkler system contractor under a certificate of registration without having at least one full-time employee who holds a valid responsible managing employee license . . . ;

> (3) act as a responsible managing employee for a fire protection sprinkler system contractor without a valid license;

> (4) obtain or attempt to obtain a certificate of registration or license by fraudulent representation; or
>
> (5) plan, sell, install, maintain, or service a fire protection sprinkler system in violation of this article or the rules adopted under this article.

Although this section applies to subcontractors, it does not expressly make the act of subcontracting a prohibited act.

Section 10 of article 5.43-3 provides that a person commits a criminal offense if the person knowingly or intentionally violates section 8 of article 5.43-3. Although section 8, in conjunction with section 10, does not directly make the act of subcontracting a criminal offense, general provisions of the Texas Penal Code may apply to the act of subcontracting with a person or organization that violates section 8 of article 5.43-3. Chapter 7 of the Penal Code imposes criminal responsibility for the conduct of another under certain circumstances. For example, section 7.02 of the code provides, in part:

> (a) A person is criminally responsible for an offense committed by the conduct of another if:
>
> (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
>
> (2) _acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense_; or
>
> (3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense. (Emphasis added).

See also §7.01. General provisions of the Penal Code, such as section 7.02, apply to offenses defined outside the code unless the statute defining the offense provides otherwise. See Penal Code §1.03; Honeycutt v. State, 627 S.W.2d 417 (Tex. Crim. App. 1981).

Consequently, sections 8 and 10 of article 5.43-3 could be applied in conjunction with section 7.02 of the Penal Code to contractors who knowingly or intentionally contract with a

L

subcontractor who violates section 8 of article 5.43-3. Of course, section 7.02, which makes an accused vicariously responsible for assisting another to commit an offense, requires proof of conduct constituting an offense plus an intentional act by the accused to promote or assist such conduct. See generally Honeycutt v. State, supra; Herring v. State, 633 S.W.2d 905 (Tex. App. - Dallas 1982), aff'd, 659 S.W.2d 391 (Tex. Crim. App. 1983). Proof of the elements of a criminal offense depends on the facts in each individual case.

You also ask whether the State Board of Insurance may promulgate rules pursuant to section 3 of article 5.43-3 to prohibit registered contractors from subcontracting with persons or organizations which are themselves in violation of article 5.43-3. Section 3(a) of article 5.43-3 provides that "[t]he board shall administer this article and may issue rules necessary to its administration through the State Fire Marshal." Administrative agencies may exercise only those powers granted by law, together with those powers necessarily implied from an authority conferred or duty imposed by statute. City of Sherman v. Public Utility Commission of Texas, 643 S.W.2d 681, 686 (Tex. 1983). A licensing agency for a lawful business or profession cannot enforce standards which are inconsistent with those of the controlling statute. Bloom v. Texas State Board of Examiners of Psychologists, 492 S.W.2d 460 (Tex. 1973). As indicated, article 5.43-3 does not expressly prohibit a registered contractor from subcontracting with a subcontractor that is in violation of article 5.43-3. Consequently, the dispositive issues are whether such rule-making authority may be "necessarily implied" from article 5.43-3 or whether such rulemaking authority is inconsistent with article 5.43-3.

Section 4 of article 5.43-3 contains three basic requirements: first, each fire protection sprinkler system contractor must register with the board; second, each contractor must employ at least one full-time licensed responsible managing employee; and finally, each managing employee must obtain a license through the board. Section 8 prohibits acts which violate these basic requirements. Section 3 grants the board rulemaking authority to administer these require-ments. Additionally, section 7(a) authorizes the board to delegate certain of its functions, powers, and duties to the State Fire Marshal. If the board can prohibit a person or organization from planning, selling, installing, maintaining, or servicing a fire protection sprinkler system without complying with certain require-ments, it would be anomalous to determine that the board cannot prohibit a registered contractor from knowingly assisting or promoting a violation of the act's requirements by another person or organiza-tion. Article 5.43-3 requires registered contractors to assume certain responsibilities for safe fire protection sprinkler systems. See §5 (bond and insurance are requisites for certificate of registra-tion). The act also requires contractors to employ at least one full-time licensed responsible managing employee. The obvious purpose for this requirement is to have a licensed employee responsible for actually managing or supervising the work performed. Additionally,

section 4(h) provides that "[a] certificate of registration or license issued under this article is not transferable." If registered contractors were free to subcontract all or part of a project to a person or organization that did not comply with these requirements, the requirements would be meaningless.

Consequently, article 5.43-3 contains the necessary authority for the board to promulgate rules forbidding registered contractors from subcontracting with persons or organizations that are in violation of article 5.43-3. This does not, however, mean the board may designate the act of subcontracting as a prohibited act under section 8 for purposes of criminal liability under section 10. Although rules validly adopted pursuant to a statute may in some instances designate certain conduct as a criminal offense, see Penal Code §1.03(a), article 5.43-3 does not authorize the board to create new criminal offenses. On the other hand, this does not leave the board without enforcement power. Subsection (a) of section 9 provides:

> [V]iolation of this article or a rule adopted under this article is a ground for the denial, suspension, or revocation of a certificate of registration or a license issued under this article. (Emphasis added).

Rules of the board may only be adopted according to legally applicable procedural requirements. See generally V.T.C.S. art. 6252-13a (Administrative Procedure and Texas Register Act).

### S U M M A R Y

> Article 5.43-3 of the Texas Insurance Code requires contractors, whether primary contractors or subcontractors, for the plan, sale, installation, maintenance, or servicing of all or part of a fire protection sprinkler system to obtain a certificate of registration from the State Board of Insurance. Additionally, article 5.43-3 authorizes the board to promulgate rules forbidding registered contractors from subcontracting with persons or organizations that are in violation of article 5.43-3.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

p. 3196

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General