OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 17, 1999

The Honorable Kip Averitt
Chair, Financial Institutions Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0048

Re: Authority of a home-rule city to adopt an ordinance prohibiting organized pigeon shoots (RQ-1197)

Dear Representative Averitt:

You have asked this office whether the City of Carrollton, Texas may adopt an ordinance prohibiting the killing of feral pigeons, or regulating or prohibiting organized "pigeon shoots." We conclude, based on the plain language of the Parks and Wildlife Code, that the city may not forbid the killing of such pigeons. The answer is less clear with regard to organized pigeon shoots. This office has recognized that "pigeon shoots" of a particular description may be violations of the state law against cruelty to animals. Tex. Att'y Gen. Op. No. H-56 (1973). In the event that such activities do constitute cruelty to animals, a criminal act under section 4.09 of the Penal Code, the city may be preempted from passing such an ordinance by section 1.08 of the Penal Code, if the ordinance proscribes the same conduct as the statute. However, we cannot determine in the abstract whether such preemption will occur.

State law will not permit the City of Carrollton to forbid the killing of certain nongame birds, including the feral pigeons–*Columba livia*–about which you ask. Section 64.002(b) of the Parks and Wildlife Code specifically provides: "European starlings, English sparrows, and feral rock doves (Columba livia) may be killed at any times and their nests or eggs may be destroyed." TEX. PARKS & WILD. CODE ANN. § 64.002 (Vernon Supp. 1999). What the statute allows a city may not by ordinance forbid. *See City of Brookside Village v. Comeau*, 633 S.W.2d 790, 796 (Tex. 1982) (ordinance conflicting or inconsistent with state legislation impermissible).

While section 64.002(b) allows the killing of such birds at any time, it does not say that they may be killed "in any manner." Although you have not specified what you mean by organized pigeon shoots, we note that such events have before been considered by this office. In Attorney General Opinion H-56, the Nacogdoches County Attorney asked whether "the holding of a pigeon shoot, in which the birds are released as targets, after first having their tail feathers plucked out to effect an erratic mode of flight" violated the Penal Code provision against cruelty to animals.

Attorney General Opinion H-56 noted that, while in any particular case the question of whether participants in such a shoot had violated the statute was a jury question, "where the tail feathers of pigeons are plucked to cause their flight to be erratic, they are thrown in the air, shot and left to die, the facts are sufficient to support a conviction for torturing, tormenting and or needlessly mutilating an animal . . . ." Tex. Att'y Gen. Op. No. H-56 (1973) at 3-4.

If the "organized pigeon shoots" about which you inquire correspond to those more particularly described in Attorney General Opinion H-56, then such conduct would be governed by section 42.09 of the Penal Code. The city may not by ordinance proscribe the same conduct proscribed by the Penal Code. Section 1.08 of the Penal Code provides, "No governmental subdivision or agency may enact or enforce a law that makes any conduct covered by this code an offense subject to criminal penalty. This section shall apply only as long as the law governing the conduct proscribed by this code is legally enforceable." *See Knott v. State*, 648 S.W.2d 20, 21 (Tex. App.–Dallas 1983, no writ) (court overturned a conviction under a Dallas ordinance that made it an offense to blink one's car lights to warn other motorists of a police radar trap on the grounds that "[t]he very conduct proscribed by the City ordinance is, in almost identical language, proscribed by Section 38.05(a)(3) [of the Penal Code] . . . . Since the State has proscribed *conduct* which warns another of impending discovery or apprehension, we hold that a City ordinance which likewise proscribes *conduct* which warns another of his imminent apprehension is contrary to Section 1.08.") Whether any such ordinance is preempted, however, is not a question that this office can answer in the abstract.

Section 1.08 is not an absolute bar to regulation by a city of matters which are also covered by the Penal Code. In *Gordon v. State*, 757 S.W.2d 496 (Tex. App.–Houston [1st Dist.] 1988, pet. ref'd), a municipal ordinance prohibiting the operation of an adult arcade without a license survived a variety of challenges, including an argument that the ordinance was preempted. The court noted, "An ordinance that is inconsistent with state legislation is impermissible. However, the fact that there is state legislation on a particular subject does not automatically preempt that subject from city regulation. Local regulation, ancillary to and in harmony with the state legislation, is acceptable." *Gordon*, 757 S.W.2d at 502 (citations omitted).

Similarly, in *City of Richardson v. Responsible Dog Owners*, 794 S.W.2d 17 (Tex. 1990), the supreme court ruled that a Penal Code provision governing vicious dogs did not preempt a city's comprehensive animal control ordinance which *inter alia* restricted the possession of pit bull dogs. In considering the effect of section 1.08, the court held that it "does not place any greater restriction on a home-rule city than that which existed prior to its enactment by virtue of article XI, section 5 of the Texas Constitution." *City of Richardson*, 794 S.W.2d at 19. The general rule laid down by the case is, "When there is no conflict between a state law and a city ordinance, the ordinance is not void." *Id.* Accordingly, section 1.08 does not preempt any and all regulation by a city of matters which are also covered by the Penal Code.

While we cannot say in the abstract whether an ordinance regulating pigeon shoots would conflict with state law or would proscribe "in almost identical language the very same conduct as

was proscribed by the State law," *id.* n.1, and thus be preempted by section 1.08, we note two potential areas of conflict. An ordinance prescribing a more severe penalty than that provided by the state law would be void. *See* Tex. Att'y Gen. LO-98-41 (City of Brownsville could not adopt ordinance setting higher penalty for failure to restrict access to aerosol paint than that prescribed by Health and Safety Code). Similarly, an ordinance requiring a less culpable mental state than required by statute would be unenforceable. *See Honeycutt v. State*, 627 S.W.2d 417, 422 (Tex. Crim. App. 1981) (city ordinance proscribing negligible collision "substitutes . . . culpable mental state. . . . explicitly rejected by the Texas Legislature," and complaint alleging violation "void for failure to state and allege a culpable mental state."). *Id.* at 421.

Finally, we note that a determination on the preemption of a home-rule city's ordinance does not bear on whether the proscribed pigeon shoot is lawful. Rather, preemption under section 1.08 would be based on the fact that such an activity was already prohibited by the penal law of the state.

## S U M M A R Y

The City of Carrollton may not pass an ordinance forbidding the killing of feral pigeons, since such killing is explicitly authorized by section 64.002(b) of the Parks and Wildlife Code. The holding of an "organized pigeon shoot" may constitute cruelty to animals, which is prohibited by section 42.09 of the Penal Code. This office cannot answer in the abstract the question of whether a city ordinance regulating or prohibiting such pigeon shoots is preempted by section 1.08 of the Penal Code. However, section 1.08 does not prohibit all city legislation on a subject considered in the Penal Code, so long as the state law and the city ordinance are not in conflict.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General